Claudiu Cristian FLORESCU,
Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 99–71250.
INS No. A72–511–554.

United States Court of Appeals,
Ninth Circuit.

Submitted March 6, 2001.*

Decided March 12, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before ALARCON, BRUNETTI, and HAWKINS, Circuit Judges.

MEMORANDUM **

Petitioner Claudiu Cristian Florescu petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an immigration judge's (IJ) denial of his application for asylum and denial of withholding of deportation. We deny the petition for review.

We reject Florescu's contention that the BIA erred in dismissing his petition because the IJ allegedly violated Florescu's right to due process by prejudging his case and denying him the opportunity to offer favorable evidence. We do not review Florescu's allegation that the IJ "prejudged" his case because the BIA conducted a de novo review of the record and rejected the IJ's findings regarding past persecution. *See Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir.1995) (stating that "[w]here the [BIA] exercises its power to conduct a de novo review of the record, our review is limited to the decision of the Board"). Moreover, Florescu identifies no specific evidence that the IJ prevented him from offering that would have supported a finding that he currently has a reasonable fear of persecution by the Romanian government. Thus, Florescu has failed to demonstrate the requisite prejudice, i.e., "that the outcome of the proceeding may have been affected by the alleged violation." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

We also reject Florescu's contention that the BIA's determination that he failed to establish a well-founded fear of future persecution is not supported by substantial evidence. The State Department's country profiles have been described as "'the most appropriate and perhaps the best resource' for 'information on political situations in foreign nations.'" *Kazlauskas v. INS*, 46 F.3d 902, 906 (9th Cir.1995) (quoting *Rojas v. INS*, 937 F.2d 186, 190 n. 1 (5th Cir.1991)). Both the 1997 State Department profile and the 1996 State Department profile offered by Florescu support the BIA's finding that "conditions in Romania have changed significantly since 1989, such that it is unlikely that [Florescu] would face persecution in the future." Furthermore, the BIA correctly applied an "individualized analysis" of the changed conditions to Florescu's situation. *Borja v. INS*, 175 F.3d 732, 738 (9th Cir.1999).

Finally, we note that the burden of proof for withholding of deportation is higher than the burden of proof for asylum. *Ghaly*, 58 F.3d at 1429. Because Florescu failed to establish eligibility for asylum, he necessarily failed to establish eligibility for withholding of deportation. *Id.*

PETITION DENIED.